912 A.2d 732 (2006)
389 N.J. Super. 235
STATE of New Jersey, Plaintiff-Appellant,
v.
Manuel B. ORTIZ, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted November 14, 2006.
Decided December 19, 2006.
Wayne J. Forrest, Somerset County Prosecutor, for appellant (Timothy Van Hise, Assistant Prosecutor, of counsel and on the brief).
McDonald & Rogers, Somerville, for respondent (John P. McDonald, of counsel and on the brief).
Before Judges COBURN, R.B. COLEMAN and GILROY.
The opinion of the court was delivered by
GILROY, J.A.D.
The State of New Jersey appeals from the order of the Law Division entered on April 24, 2006: 1) determining *733 defendant Manuel Ortiz not guilty by reason of insanity; and 2) directing defendant be released in the custody of his mother and attend the outpatient program at High Point Partial Care in Flemington. The question presented is whether a defendant who is adjudicated not guilty by reason of insanity, N.J.S.A. 2C:4-1, and released, pursuant to N.J.S.A. 2C:4-8b(2), may be subjected to periodic Krol[1] reviews as a condition of release. Because we conclude that the defendant may not be subjected to such reviews, we affirm and remand to the trial court.
On January 19, 2005, a Somerset County Grand Jury charged defendant in Indictment No. 05-01-00042-I with first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a) (Count One); and with third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4d (Count Two). Following a bench trial, the trial court adjudicated defendant not guilty on both counts by reason of insanity, N.J.S.A. 2C:4-1; determined that defendant could "be released without danger to the community or to himself under supervision or under conditions," N.J.S.A. 2C:4-8b(2); and released defendant to the supervision or custody of his mother, Roberta Ortiz, conditioned upon defendant attending an intensive out-patient mental health program at High Point Partial Care, Flemington, N.J.S.A. 2C:4-7 and 2C:4-8b(2). The trial court did not impose periodic review proceedings, commonly referred to as Krol hearings, pursuant to N.J.S.A. 2C:4-8b(3). A confirming order was entered on April 24, 2006, from which the State appeals, arguing "[t]he trial court erred by not requiring further periodic review of this defendant after his acquittal by reason of insanity." The State does not contest the judicial determination that defendant was not guilty by reason of insanity, or that the defendant could be released without danger to the community or to himself under supervision or conditions.
The State contends that the trial court "seems to have clearly abdicated its responsibility to ensure the public safety by not requiring periodic judicial review of the conditions that were imposed at the January 3, 2006 hearing, wherein the defendant was adjudicated not guilty by reason of insanity, but released under clear conditions of supervision." The State asserts "it makes no sense that, even though the defendant was not remanded to a mental health facility [pursuant to N.J.S.A. 2C:4-8b(3)], he should be insulated from any judicial review of his progress with regard to dealing with his mental health issues." The State further asserts "[t]he ruling of the court below, if left undisturbed, provides no methodology for ensuring that the defendant continues to attend the treatment program found necessary to both the improvement of defendant's mental health and to protect the public safety."
The only medical expert to testify at trial was Dr. Daniel Greenwald, a psychiatrist, who had interviewed defendant on May 7, 2005, and diagnosed him as suffering from "paranoid schizophrenia, from general anxiety, and possible borderline mental retardation." It was the doctor's opinion that defendant "will need treatment for the foreseeable future . . . [which] treatment should consist of both medication and a form of psycho-social therapy . . . in an activities program specifically geared to individuals with his diagnosis." Defendant "will need anti-psychotic medication and perhaps other type of medication with regular psychiatric visits and psycho-social intervention at a frequency of two to five times a week until *734 such time as his condition stabilizes." Dr. Greenwald opined that defendant could be released provided it was conditioned on defendant being supervised to ensure that he maintained his medication regimen and was monitored by a professional mental health care provider on a regular basis.
On January 3, 2006, after the trial court determined defendant not guilty by reason of insanity and imposed the conditions aforementioned, the court directed that the matter be placed on the court's regularly scheduled Krol list and be brought back in six months "for further review which will probably require the appearance of that doctor to get his evaluation on the record and see what further course of treatment is necessary." On January 26, 2006, defendant requested that the court reconsider the imposition of formal periodic Krol reviews, arguing that such reviews are only required when a defendant is disposed of under N.J.S.A. 2C:4-8b(3), not under N.J.S.A. 2C:4-8b(2). After objection by the State, the court conducted a hearing on April 18, 2006, concluding that Krol reviews were not required because the court had determined defendant could be released without danger to the community or to himself, albeit under supervision and conditions.
"When a person accused of a crime is acquitted by reason of insanity, the accused may be held in continued confinement if the person is a danger to self or others and is in need of medical treatment." In re Commitment of W.K., 159 N.J. 1, 2, 731 A.2d 482 (1999). "The rationale for involuntarily committing" a defendant who has been acquitted by reason of insanity, is "to protect society against individuals who, through no culpable fault of their own, pose a threat to public safety." Krol, supra, 68 N.J. at 246, 344 A.2d 289. It is not to punish. Ibid. "A person committed under these circumstances is described as being on Krol status. Krol established the procedures for determining the length of commitment for a person who has been acquitted by reason of insanity." In re Commitment of M.M., 377 N.J.Super. 71, 76, 871 A.2d 707 (App.Div. 2005) aff'd, 186 N.J. 430, 896 A.2d 454 (2006). Defendants committed pursuant to N.J.S.A. 2C:4-8b(3) are reviewed periodically under the standards applied to civil commitments generally. N.J.S.A. 2C:4-8b(3); R. 3:19-2; R. 4:74-7. "Orders, either requiring institutionalization or imposing lesser restraints are subject to modification on grounds that defendant has become more or less dangerous than he was previously, or termination, on grounds that he is no longer mentally ill and dangerous, on the motion of either the State or the defendant." Krol, supra, 68 N.J. at 263, 344 A.2d 289.
After carefully considering the issue raised in light of the record and applicable law, we affirm the trial judge's decision not to subject defendant to Krol reviews. We are satisfied that such reviews are only authorized when the court determines that the defendant "cannot be released with or without supervision or conditions without posing a danger to the community or to himself" and commits the defendant to a mental health facility "to be treated as a person civilly committed." N.J.S.A. 2C:4-8b(3). Krol reviews are not authorized when the court concludes that a "defendant may be released without danger to the community or himself" with or without supervision or under conditions. N.J.S.A. 2C:4-8b(1) and (2).
We are also satisfied that when a defendant is released pursuant to N.J.S.A. 2C:4-8b(2), the court possesses inherent authority to take all steps necessary to ensure that the defendant complies with all conditions of release. Consequently, the trial court may impose additional, reasonable *735 conditions. As an example, and not by way of direction or limitation, the court could require defendant to submit periodic reports from the outpatient program at High Point Partial Care concerning defendant's treatment, compliance with medical directions, maintenance of his medication requirement, and future prognosis. Such periodic reports would ensure defendant's compliance with the court's conditional order of release and provide the court with sufficient information to determine whether or not there should be a change in the conditions of the release concerning defendant's treatment. The court may also require defendant to serve copies of the periodic medical reports upon the Prosecutor's Office.
We conclude that such additional conditions would protect the interests of the defendant and the safety of the public. Because we are unable to discern whether the trial judge would have imposed any additional conditions, knowing that he possessed the inherent power to do so, we remand the matter to the trial court to reconsider the conditions of release.
Affirmed; and remanded to the trial court.
NOTES
[1] State v. Krol, 68 N.J. 236, 344 A.2d 289 (1975).